ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 JUN 10 PM 1:09
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| MIKE H. SAMADI, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | CV 104-137 |
| MBNA AMERICA BANK, N.A., | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiffs[1] brought the captioned case alleging that Defendant MBNA America Bank, N.A. ("MBNA"), with whom they had a credit card, violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.*, and the Truth in Lending Act, 15 U.S.C. §1601, *et seq.* The matter is now before the Court on MBNA's motions: 1) for protective order, 2) to compel arbitration, and 3) to stay these proceedings pending arbitration. (Doc. nos. 17, 19). Plaintiff Mike H. Samadi ("Samadi") has filed a response (doc. no. 22) and on June 1, 2005, the Court heard oral argument on the matter. Samadi also now curiously requests "injunctive relief" and has asked the Court to "strike Defendant's Affidavit and Exhibits." (Doc. nos. 23, 25). Upon consideration, the Court resolves the matter as follows.

### I. BACKGROUND

**A.    The Legal Issue**

First, it should be noted that the instant case presents many of the typical problems

---

[1] Plaintiffs paid the filing fee.

in *pro se* litigation. First, although it is clear that Samadi[2] has done a significant amount of legal research, he has been unable to set forth "a short and plain statement of the claim showing that [he] is entitled to relief," in his complaint or to address the substantive issues raised by MBNA's motion to compel arbitration. Fed. R. Civ. P. 8. The Court is thus put in the unenviable position of handling a case in which few things are clear and the Court is largely forced to frame the issues without help from the parties. Nevertheless, it is clear that the parties have a dispute--a dispute MBNA asserts is arbitrable.

MBNA cites an arbitration clause, to which Samadi is allegedly bound, which states that "any claim or dispute arising from or relating in any way to this [Credit Card] Agreement or any prior Agreement or your account" between MBNA and Samadi, "whether under a statute, in contract, tort, or otherwise . . . . shall be resolved by binding arbitration." Def.'s Ex. 2, p.1 (attached at doc. no. 17, pp. 17-18). The clause also states that claims "regarding the applicability" of the clause are also subject to arbitration. Id.. Thus, the plain language of the clause gives it far-reaching (and retroactive) application to virtually any dispute between Samadi and MBNA, provided of course that the clause is enforceable.[3] See Anders

---

[2]Since his motion to be added as a party plaintiff in this case, the Court has not heard from Samadi's co-plaintiff in this case, Mr. Johnny Hollis, Jr. ("Hollis"). Hollis's only apparent involvement in this case is that he claims he is an "additional cardholder" or a "secondary account holder." (Doc. no. 5, pp. 1-2). For ease of reference, the Court will refer to Samadi whether referring to him individually or to Plaintiffs collectively.

[3]The Court also briefly notes that the matter of the clause's retroactive application (if enforced) is of no moment. See Merrill Lynch, Inc. v. King, 804 F. Supp. 1512, 1514 (M.D. Fla. 1992)("Defendant's contention that part of the transactions occurred prior to execution of this agreement is of no consequence. To begin, the arbitration agreement states that it applies to all transactions whether entered into prior, on, or subsequent to the date hereof. Moreover, an arbitration agreement may be applied retroactively to transactions which occurred prior to execution of the arbitration agreement." (citation and quotation omitted)); see also Belke v. Merrill Lynch, 693 F.2d 1023, 1028 (11th Cir. 1982), *overruled on other grounds by* Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213 (1985)("[A]ppellee argues that

v. Hometown Mortgage Services, Inc., 346 F.3d 1024, 1027 (11th Cir. 2003)("The agreement could not have been broader. Any disputes means all disputes, because 'any' means all. And so, of course, does the word 'all' itself. The agreement reaches this dispute because the agreement reaches any and all disputes." (citation and quotation omitted)). In assessing the enforceability of the clause, the Court begins by setting forth the relevant facts.

## B. Relevant Facts

MBNA, a Delaware bank, issued a credit card to Samadi in 1996. Simpkins Aff., p. 2 (attached at doc. no. 17, pp. 4-8);[4] see also doc. no. 1, p. 2. Samadi's account and use of the credit card were governed by a "Credit Card Agreement" ("the Agreement"). The Agreement, among other things, provides that: 1) use of the credit card constitutes assent to the terms of the Agreement; 2) MBNA may amend the Agreement by "complying with the applicable notification requirements of federal law and the laws of the State of Delaware;" and 3) the Agreement is "made in Delaware . . . governed by the laws of the State of Delaware, without regard to its conflicts of laws principles, and by any applicable federal laws."[5] Def.'s Ex. 1, pp. 1, 6, 8 (attached at doc. no. 17, pp. 9-16). Samadi never signed this Agreement, but he used the MBNA card from 1996 until at least 2002. (See, e.g., doc. no.

---

because certain acts complained of occurred prior to execution of the arbitration agreement those claims are not properly disposed of by submission to an arbitrator. Again, we disagree. By its own terms the contract between the parties covers not only disputes arising out of the agreement, but in the disjunctive includes 'any controversy between us arising *out of your business.*' (emphasis supplied). An arbitration clause covering disputes arising out of the contract *or* business between the parties evinces a clear intent to cover more than just those matters set forth in the contract.").

[4]In support of the instant motions, MBNA has submitted the affidavit of Margaret Simpkins, a Vice President at MBNA and custodian of records.

[5]Perhaps also of note, the Agreement contains a forum selection clause which dictates that "any litigation" regarding the account or the Agreement must be brought in Delaware state court. Def.'s Ex. 1, p. 8.

3

1, p. 58).

In December 1999, MBNA mailed its cardholders an amendment to the Agreement via the United States Postal Service.[6] Simpkins Aff., p. 2. The amendment contained the arbitration clause discussed above. When MBNA sent its cardholders notice of the amendment, it informed them that they could opt out of the arbitration clause if they so chose by sending written notification to MBNA. Id. at 3; Def.'s Ex. 2, p. 2. Samadi never opted out of the arbitration provision; however, he maintains that he never received the amendment and thus had no actual notice of the arbitration clause. (Doc. no. 22). On the other hand, MBNA asserts that it used Samadi's correct address, and that during 1999 and 2000 none of its mail to Samadi was returned as undeliverable. Simpkins Aff., p. 4. Thus, MBNA asserts that the arbitration clause governs this dispute, and that Samadi received legally adequate notice of the amendment. For the following reasons, the Court agrees.

## II. DISCUSSION

A.  **What Law Governs?**

1.  **Applicable Federal Law**

As a general matter, federal law requires this Court to enforce arbitration agreements. Section 2 of the Federal Arbitration Act ("the Act") provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

---

[6]MBNA actually contracted with a third party to carry out the mass mailing. Simpkins Aff., pp. 4-5.

4

9 U.S.C. § 2. The Supreme Court has further clarified that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

That having been established, the purpose of the Act is to put arbitration agreements on equal footing with ordinary contracts. Jenkins v. First American Cash Advance of Georgia, LLC, 400 F.3d 868, 874 (11th Cir. 2005)(quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991)). The Act applies to all arbitration agreements concerning transactions that involve interstate commerce. Id. Thus, the Act clearly applies here, where the dispute involves a credit agreement between a Georgia resident and a Delaware bank. Id. at 874-75. Under the Act, state law governing "contracts generally and not arbitration agreements specifically" should be applied. Id. at 875 (quoting Bess v. Check Express, 294 F.3d 1298, 1306 (11th Cir. 2002)). Thus, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." Id. (quoting Doctor's Assocs., Inc. v. Casarrotto, 517 U.S. 681, 687 (1996)). Accordingly, the Court must determine whether Georgia or Delaware contract law should be applied.

2.  **Applicable State Law**

The Agreement provides that it is governed by Delaware law. Def.'s Ex. 1, p. 8. This Court applies Georgia choice of law and conflict of laws rules in determining whether to give such a provision effect. See Keener v. Convergys Corp., 342 F.3d 1264, 1267-68 (11th Cir. 2003); Rayle Tech, Inc. v. DEKALB Swine Breeders, Inc., 133 F.3d 1405, 1409-10 (11th Cir. 1998). Given that MBNA is a Delaware bank, with its principal place of

business located in that State, there is no reason to suppose that the choice of law provision is unreasonable.[7]  Generally speaking, Georgia courts enforce choice of law provisions unless they are contrary to public policy.  See <u>Nationwide Logistics, Inc. v. Condor Transport, Inc.</u>, 270 Ga. App. 277, 280, 606 S.E.2d 319, 322 (2004).  Samadi has outlined no public policy of the State of Georgia which would be contravened by giving the choice of law provision full effect, and the Court is aware of none.[8]  Thus, the choice of law clause should be given effect.  Accordingly, the Court will apply Delaware law.

**B.     The Clause is Enforceable and Samadi Received Adequate Notice.**

Under Delaware law, it is clear that arbitration should be compelled.  A Delaware court has already applied Delaware law to conclude that the instant arbitration clause is enforceable, and that MBNA's mass mailing of the amendment to the Agreement constituted adequate notice.  See <u>Edelist v. MBNA America Bank</u>, 790 A.2d 1249, 1257-60 (Del. Super. Ct. 2001); see also <u>Mackey v. MBNA</u>, 343 F. Supp.2d 966, 970 (W.D. Wash. 2004)(relying on <u>Edelist</u> to conclude that arbitration clause is enforceable).  The Court sees no need to repeat the <u>Edelist</u> court's analysis at length herein.

Nevertheless, the Court will briefly address Samadi's notice argument.  As a general matter, "a letter properly addressed, stamped, and mailed may be presumed to have been received by the addressee." <u>Marsh v. First USA Bank, N.A.</u>, 103 F. Supp.2d 909, 918 (N.D. Tex. 2000); see also <u>Konst v. Florida East Coast Railroad Co.</u>, 71 F.3d 850, 851 (11th Cir.

---

[7]In addition, as noted, the Agreement specifically provides, "This Agreement is made in Delaware." Def.'s Ex. 1, p. 8.

[8]Georgia courts have specifically explained that arbitration "is not in violation of the public policy of this State." <u>Results Oriented, Inc. v. Crawford</u>, 245 Ga. App. 432, 437, 538 S.E.2d 73, 78 (2000).

1996)(describing presumption of receipt). Samadi's bald assertion that he did not receive notice is insufficient to rebut this presumption. See In re Hobbs, 141 B.R. 466, 468 (N.D. Ga. 1992)(mere denial of receipt insufficient to rebut presumption). In effect, Samadi's argument on this point amounts to a demand that MBNA "prove with certainty" that he received notice; however, "[s]uch burden of proof is not the law, for it would be virtually impossible in this era of mass-mailing to prove that any singular item of correspondence was in fact mailed." Marsh, 103 F. Supp.2d at 918 (citation omitted).

At issue is simply whether MBNA has offered proof that it mailed the arbitration notice to its cardholders. Id. at 918. MBNA has furnished such proof. See Simpkins Aff, pp. 2-5 (describing mass mailing of arbitration amendment). The Court is aware that Samadi has moved to strike MBNA's "Affidavit and Exhibits" in support of its motion to compel arbitration. (Doc. no. 25). That having been noted, this motion presents no legally cognizable reason to strike MBNA's proffered documents (and the Court itself is aware of no reason to do so). Accordingly, Samadi's motion to strike should be summarily denied. In sum, Samadi received legally adequate notice of the arbitration amendment and his failure to opt out or to stop using his credit card constituted acquiescence to its terms.

Accordingly, it is appropriate to compel arbitration. However, as the arbitration clause at issue here covers *any* dispute between the parties, the Court is not persuaded that stay of the proceedings is appropriate.[9] Rather, dismissal of the case is appropriate "if the Court concludes that all of the claims presented are subject to arbitration." Marsh, 103 F. Supp.2d at 926 (citing Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th

---

[9]As noted, by its terms, the arbitration clause applies to *all* disputes between the parties, including "[c]laims regarding the applicability" of the arbitration clause. Def.'s Ex. 2, p. 1.

7

Cir.1992)). Indeed "to maintain jurisdiction under such circumstances would serve no useful purpose." Marsh, 103 F. Supp.2d at 926; see also Caley v. Gulfstream Aerospace Corp., 333 F. Supp.2d 1367, 1379 (N.D. Ga. 2004)(dismissal appropriate where all claims submitted to court are subject to arbitration); Clayton v. Woodmen of the World Life Ins. Soc., 981 F.Supp. 1447, 1451 (M.D. Ala. 1997)(same). As any dispute between Samadi and MBNA regarding the credit account or the Agreement is subject to the arbitration clause, dismissal is appropriate.

Nevertheless, the Court notes that dismissal with prejudice would be inappropriate, as in the event that an "arbitrator subsequently decide[s] that one or more of [Samadi]'s claims against [MBNA] [are] not arbitrable, [Samadi] would effectively be deprived of legal recourse, a most unjust result." Frank v. American General Finance, Inc., 23 F. Supp.2d 1346, 1351 n.3 (S.D. Ala. 1998). The Court will also briefly note that Samadi's cryptic motion for "injunctive relief" (doc. no. 23) is made moot by the compulsion of arbitration, as is MBNA's request for a protective order (doc. no. 19).[10]

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that MBNA's motion to compel arbitration and to stay these proceedings (doc. no. 17) be **GRANTED IN PART** and **DENIED IN PART** and that the instant case be **DISMISSED** without prejudice. The Court also **REPORTS** and **RECOMMENDS** that Samadi's motions for injunctive relief and to strike MBNA's "Affidavit and Exhibits" (doc. nos. 23, 25) be

---

[10] At any rate, the Court notes that Samadi has not explained just what relief he seeks or why he is entitled to it; rather, the motion seems chiefly aimed at expressing Samadi's distaste for arbitration. (See generally, doc. no. 23).

8

**DENIED.** Finally, the Court **REPORTS** and **RECOMMENDS** that MBNA's motion for protective order (doc. no. 19) be **DENIED** as **MOOT**.

SO REPORTED and RECOMMENDED this 10th day of June, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
Southern District of Georgia

Case Number: 1:04-cv-00137
Date Served: June 10, 2005
Served By: Joseph A. Howell

Attorneys Served:

Mike H. Samadi
Johnny (nmi) Hollis Jr.
Gregory M. Taube, Esq.

\_\_\_\_ Copy placed in Minutes

\_\_\_\_ Copy given to Judge

✓ Copy given to Magistrate